ROBERT A. MILLER, Special Master, Plaintiff,

*v.*

ROYAL INSURANCE COMPANY, Defendant.

---

OPINION ON DEMURRER TO THE DECLARATION.

1. If power to sue be given an officer by.the order appointing him, he has capacity to do so whether called a receiver or special master.
2. When limitation is relied upon as a defense, it must be pleaded, as it is always a question of fact if prescription has run against a claim; and cannot be taken advantage of by demurrer.
3. Even if the plaintiff may be presumed to have no personal knowledge of the facts pleaded, as is perhaps the case when he sues as receiver or special master, yet he must state that he has none, and that therefore he avers them upon information and belief.

May 16, 1902.

---

*Mr. C. M. Boerman,* attorney for plaintiff.

*Mr. J. M. Keedy,* attorney for defendant.

HOLT, Judge, delivered the following opinion:

This action is upon a policy of fire insurance. It is submitted upon both special and general demurrer to the declaration. It is urged as ground for special demurrer that the plaintiff has not capacity to sue. The power was given him to do so by the order appointing him; this is averred in the declaration, and it is immaterial whether he is called a special master or

Miller v. Royal Ins. Co.

receiver. Another ground is that it appears upon the face of the declaration the claim is prescribed by the limitation statute. It has been held by some courts that where from all that is averred in a declaration it not only appears the claim is barred by time, but that there exists no ground of exception taking it out of the statute, it is as a matter of law prescribed, and therefore a demurrer which can present only an issue of law will reach it. But even this does not appear in this case, even if the court were to follow this by no means universal precedent. As a rule, when limitation is relied upon as a defense, it must be pleaded. It is a question of fact if prescription has run against the claim.

The averments of the declaration are, for the most part, stated upon belief and information. The statements of a pleading should be definite and precise. If within the party's knowledge they should be stated in absolute form. If presumptively, from the facts set out, they are within the defendant's knowledge, and not within the plaintiff's, or mainly within the defendant's knowledge, as much precision is not necessary as would otherwise be required. It may be said that the plaintiff, being but a special master, should be presumed to have no personal knowledge of the facts of the case, but in my opinion he should either so aver, or state them as of his own knowledge and in absolute form; and the declaration appearing otherwise sufficient and in proper form the general demurrer to it is sustained only upon the ground indicated.